UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| | Case No.: SACV 15-01075-CJC(DFMx) |
| LYNN HERNANDEZ, et al., | |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS |
| BAXTER HEALTHCARE CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

On June 2, 2015, Plaintiffs Lynn Hernandez, Melanie Lira, Gloria Jiminez, and Angela Hernandez-Miranda (collectively, "Plaintiffs") brought this action in Orange County Superior Court against Defendants Baxter Healthcare Corporation; Cardinal

Health, Inc.; Cardinal Health 100, Inc.; Cardinal Health 200, LLC; Cardinal Health 201, Inc.; Cardinal Health 411, LLC (collectively, "the Moving Defendants"); and Home Dialysis Therapies of San Diego ("HDT").  (Dkt. No. 1 ["Notice of Removal"]; Exh. A. ["Compl."].)  The Complaint alleges product liability claims against the Moving Defendants and negligence claims against HDT, all arising from the death of Plaintiffs' decedent, Mario Hernandez ("Decedent").  Plaintiffs contend that Mr. Hernandez's death is attributable either to a defect in a Baxter product known as a MiniCap or to the negligence of HDT in training Plaintiff Lynn Hernandez and Decedent in how to use the MiniCap.

Plaintiffs, California citizens, filed this action in state court.  None of the Moving Defendants is a California resident.  (Notice of Removal ¶¶ 15–20.)  HDT, which has not yet been served, is apparently a California resident.  (Notice of Removal ¶ 21.)  On July 7, the Moving Defendants removed this action to this Court on the basis of diversity jurisdiction, alleging that HDT was "fraudulently joined" in an effort by Plaintiffs to defeat complete diversity and avoid removal.  (Notice of Removal ¶¶ 22; 36.)  Before the Court are Plaintiffs' motion to remand and the Moving Defendants' motion to dismiss HDT.  (Dkt. Nos. 12; 15.)  For the following reasons, the Court DENIES Plaintiffs' motion to remand and GRANTS the Moving Defendants' motion to dismiss HDT.[1]

## II.  ANALYSIS

Any civil action brought in a state court but over which a district court has diversity jurisdiction may be removed.  28 U.S.C. §§ 1332, 1441(a).  The defendant removing the action to federal court bears the burden of establishing that the district court

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for August 31, 2015 at 1:30 p.m. is hereby vacated and off calendar.

has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and complete diversity exists among the parties.  28 U.S.C. § 1332.  "[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

"Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hunter*, 582 F.3d at 1043 (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."  *Id.* at 1044.  In determining whether a defendant was fraudulently joined, all disputed questions of fact and all ambiguities in the controlling state law must be resolved in favor of the non-removing party.  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  The defendant may present additional facts to show that the joinder is fraudulent.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The removing party carries a heavy burden of persuasion, as there is a presumption against finding fraudulent joinder. *Id.*; *see Gaus*, 980 F.2d at 566.

Here, the Moving Defendants have met their heavy burden to show that HPC was fraudulently joined.  The third cause of action alleges that HDT "failed to use due care and negligently, carelessly, recklessly, willfully, wantonly and tortiously trained Plaintiff Lynn Hernandez and Decedent in the use of the [MiniCap] in their home."  (Compl.

¶ 63.)  The Complaint indicates that the Plaintiffs discovered HDT's negligence "on or after June 9, 2013, the date Decedent died."  (*Id.*)  The Moving Defendants argue that the third cause of action is a professional negligence claim, which is subject to a one-year statute of limitations pursuant to California Code of Civil Procedure section 340.5 ("section 340.5").  Plaintiffs argue that the third cause of action is actually an ordinary negligence claim, and that it is therefore subject to a two-year statute of limitations.  Cal. Code of Civ. Pro. §§ 335; 335.1.  Because Plaintiffs filed this action between one and two years after the date of Decedent's death, whether they can assert a claim against HDT— and therefore whether removal was proper—turns entirely upon whether the third cause of action is for professional negligence or ordinary negligence.  *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (affirming district court's remand where claims against non-diverse defendant were time-barred).

California Code of Civil Procedure § 340.5 provides that actions for injury or death against a "health care provider" that are "based upon such person's alleged professional negligence" must be brought within "three years after the date of the injury or one year after the plaintiff discovers . . . the injury, whichever occurs first."  Section 340.5 defines "health care provider" as "any person[,] clinic, health dispensary, or health facility licensed pursuant" to a number of state statutes.  *Id.*  That section further defines professional negligence as "a negligent act or omission by a health care provider in the rendering of professional services . . . provided that such services are within the scope of the services for which the provider is licensed."  *Id.* § 340.5(2).

As an initial matter, Plaintiffs do not contend that HDT is not a "health care provider" under the meaning of section 340.5 or that it is not licensed to provide home dialysis care; indeed, Plaintiffs allege in the Complaint that the Decedent received "home peritoneal dialysis" from HDT.  (Compl. ¶ 25.)  It is also clear that California's licensing requirements for chronic dialysis facilities specifically include patient training as being

within the scope of licensure.  The California Health and Safety Code requires chronic dialysis clinics to "comply with federal certification standards for an end stage renal disease clinic."  Cal. Health & Saf. Code § 1225.  And those federal standards specifically provide that a "dialysis facility that is certified to provide services to home patients . . . must oversee training of the home dialysis patient, the designated caregiver, or [the] self-dialysis patient."  42 C.F.R. 494.100(a).  Accordingly, training a home patient to correctly use dialysis equipment is within the scope of a California home dialysis provider's license, and negligence claims related to training are therefore professional negligence claims covered under section 340.5's one-year statute of limitations.

Furthermore, California case law has long "broadly interpreted" section 340.5's coverage.  *So v. Shin*, 212 Cal. App. 4th 652, 663 (2013).  Plaintiffs argue that HDT's alleged negligent training does not qualify as "professional negligence" under section 340.5 because that section does not apply to negligence that does not occur "in the capacity of delivering medical care to [a] patient."  (Dkt. No. 12 at 7.)  But this mischaracterizes California case law.  California courts routinely find that negligent acts outside the actual provision of medical care are nonetheless covered by section 340.5's statute of limitations for professional negligence claims.  For example, California courts have applied section 340.5's one-year statute of limitations when a plaintiff was injured in the back of an ambulance when it hit a curb, *Canister v. Emergency Ambulance Serv.*, 160 Cal. App. 4th 388 (2008); when a pharmacy failed to send out a recall notice, *Manion v. Vintage Pharms LLC*, No. C-13-2996 EMC, 2013 WL 5645159 (N.D. Cal. Oct. 16, 2013); when a hospital hired a doctor, *So*, 212 Cal. App. 4th 652, (2013); and when a patient fell off an X-ray table while unattended, *Bellamy v. Appellate Dep't*, 50 Cal. App. 4th 797 (1996).  Training a patient to properly use a medical device is much more closely connected to the provision of medical care than any of these.

Plaintiffs offer two cases to support their contention that HDT's alleged negligence was ordinary and not professional: *So*, 212 Cal. App. 4th 652, and *Atienza v. Taub*, 194 Cal. App. 3d 388 (1987). But as the *Manion* court explained, *So* and *Atienza* both stand for the proposition that the only situation in which section 340.5 does not apply is when health care providers' "conduct [is] not for the *purpose* of delivering health care." *Manion*, 2013 WL 5645159, at *3 (emphasis added). In *So*, for example, an anesthesiologist was alleged to have shown a patient the product of her miscarriage in an effort to persuade the patient to not report that she had woken up during a dilation and curettage procedure. The court held that the statute of limitations from section 340.5 did not apply, reasoning that the doctor had acted "for her own benefit," and not "for the purpose of delivering health care to a patient." *So*, 212 Cal. App. 4th at 666–667. Similarly, in *Atienza v. Taub*, 194 Cal. App. 3d 388 (1987), the court held that tort claims arising from a doctor's sexual relationship with a patient were not subject to the professional negligence statute of limitations, since the sexual relationship was not an "effort to accomplish the purpose for which the physician [was] employed." *Id.* at 391. Here, by contrast, Plaintiffs do not allege that HDT's training was not for the purpose of delivering health care. *So* and *Atienza* are therefore inapposite.

In short, Plaintiffs have not provided, nor can the Court locate, any support in California law for the proposition that training an individual in how to properly use a medical device would not be "within the scope of services" for which a home dialysis clinic is licensed, particularly where, as here, the relevant licensing requirements specifically cover training. Accordingly, Plaintiffs' pleaded claims against HDT are for professional negligence, and those claims are time-barred by section 340.5. Defendants have carried their heavy burden to demonstrate that HDT was fraudulently joined. Plaintiffs' motion to remand is therefore DENIED, and the Moving Defendants' motion to dismiss is GRANTED. HDT is DISMISSED from this case.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is DENIED and the Moving Defendants' motion to dismiss is GRANTED.  HDT is DISMISSED from this case.

DATED:     August 25, 2015

_____

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE